IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **SCOTTSDALE INSURANCE COMPANY,** *Plaintiff* | § § § | |
| **V.** | § § | CIVIL ACTION NO. 4:20-CV-00076 |
| **COONROD ELECTRIC COMPANY LLC,** *Defendant* | § § § § | |

## ORIGINAL COMPLAINT

Plaintiff Scottsdale Insurance Company ("Scottsdale"), as assignee and subrogee of Oryx Delaware Oil Transport LLC, Oryx Midstream Services LLC and Oryx Midstream Management Services LLC (collectively "Oryx") files this Complaint, pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, and shows:

### 1. INTRODUCTION

1.1 In this action, Scottsdale seeks a judicial determination of the existence and extent of the duty of Defendant Coonrod Electric Company LLC ("Coonrod") to defend and indemnify Oryx, Scottsdale's policyholders, against claims raised and damages sought in the lawsuit: Cause No. 19-02-24917-CVW; *Rene Valverde v. Oryx Midstream Services LLC, et al.;* pending in the 143rd Judicial District Court of Ward County, Texas ("Underlying Lawsuit").

### 2. JURISDICTION

2.1 This is a suit for breach of contract and for declaratory judgment action brought pursuant to 28 U.S.C. §§ 2201-2202 based upon contracts of liability insurance issued for the benefit of Oryx and an underlying master service agreement entered between Coonrod and Oryx Delaware Oil Transport LLC, with services under the agreement provided in this district.

Jurisdiction is founded upon diversity of citizenship between the parties as provided under 28 U.S.C.§ 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs, as Scottsdale seeks a determination that Coonrod owes defense, past and future, together with indemnity for the alleged damages of the underlying plaintiff, who claims more than $1 million in damages.

### 3. VENUE

3.1 Venue is proper under 28 U.S.C. § 1391 since the insurance contracts in question were issued in this judicial district, and all or a substantial portion of events giving rise to this dispute occurred in this district. Moreover, an actual case or controversy of a justiciable nature exists between the parties involving the rights and obligations of those parties under the policies of insurance and master service agreement, and dependent on the construction of said contracts, the controversy may be determined by a judgment on this issue, without other suits.

### 4. PARTIES

4.1 Plaintiff Scottsdale is an Arizona corporation with its principal place of business in Scottsdale, Arizona. It is duly authorized to issue insurance policies in the state of Texas.

4.2 Defendant Coonrod is a Texas limited liability company with its principal place of business in Sinton, Texas. Coonrod may be served with process through its designated agent for service of process: James T. Clancy, 802 N. Carancahua St., Suite 1900, Corpus Christi, Texas 78401.

### 5. RELEVANT FACTS

**Tort Suit**

5.1 Plaintiff in the Underlying Lawsuit, Rene Valverde ("Valverde"), filed suit in the matter entitled, Cause 19-02-24917-CVW; *Rene Valverde v. Oryx Midstream Services LLC, et*

*al.;* pending in the 143rd Judicial District Court of Ward County, Texas. A copy of the first amended petition is attached as Exhibit A.

5.2     Valverde was an employee of Coonrod and was injured while working at a facility allegedly owned and/or controlled by Oryx Defendants.

5.3     Valverde has asserted against the Oryx Defendants various claims of negligence, negligence per se and gross negligence for the following alleged reasons, including failing to: follow proper electrical safety procedures, adequately supervise their employees, adequately train their employee, provide adequate instruction to their employees, have adequate safety policies and procedures, provide adequate safety equipment, maintain a workplace free from unnecessary safety hazards, adequately warn about safety hazards that Defendants knew or should have known about, remedy safety hazards that Oryx knew or should have known about, maintain a safe premises, provide adequate warning, and they are vicariously liable for the acts of their employees and violated applicable OSHA and/or other regulations, and all such failures allegedly also rise to the level of gross negligence as well. See Exhibit A at paras. 9-12

5.4     Valverde has also asserted against the Oryx Defendants claims based upon premises liability and allege that they owned, occupied and/or controlled the area where Valverde was injured, and that the area where Valverde worked posed an unreasonably dangerous condition that Oryx Defendants knew or should have known about that Valverde did not have actual knowledge of.  See Exhibit A at paras. 13-17.

5.5     Valverde claims he was an invitee on the premises and that Oryx Defendants had a duty to either warn Valverde of the unreasonably dangerous condition or make it reasonably safe and they breached this duty. See Exhibit A at para. 16.

5.6     Valverde seeks damages in excess of $1 million. See Exhibit A at para. 18.

**Master Service Agreement**

5.7     Coonrod entered a master service agreement ("MSA") with Oryx Delaware Oil Transport LLC dated December 13, 2017. A copy of the agreement is attached as Exhibit B.

5.8     The MSA at paragraph 7.2 required Coonrod to defend and indemnify Oryx Delaware as follows:

> Contractor [Coonrod] agrees to protect, defend, indemnify and hold harmless Company [Oryx Delaware], its officers, directors, employees or their invitee, and any customer for whom Company is performing services, from and against all claims, demands, and causes of action of every kind and character without limit and without regard to the cause or causes thereof or the joint or concurrent negligence of Company, any theory of strict liability and defect of premises (whether or not preexisting the date of this Agreement), arising in connection herewith in favor of Contractor's employees, Contractor's contractors or their employees, or Contractor's invitee on account of bodily injury, death or damage to property.

5.9     Scottsdale submits that Oryx Midstream Services LLC and Oryx Midstream Management Services LLC also fall within the scope of the indemnity afforded by this provision, qualifying as invitees to the Oryx Delaware premises under applicable law.

5.10    In addition, paragraph 7.7 of the MSA provides that the indemnity afforded by the MSA is not limited by any insurance that may be in place.

5.11    Separately, Exhibit A to the MSA includes provisions that Coonrod would obtain and secure certain insurance, and it has three categories that correlate to the work to be performed: with electric work at issue here falling within category 2, which outlines the amount of coverage required to be maintained by Coonrod for the benefit of Oryx Defendants.

5.12    Such requirements indicate that general liability insurance in the minimum amount of $3 million would be obtained as well as excess/umbrella to be no less than the primary limits.

5.13    The MSA further required that the general liability insurance provide additional insured coverage in favor of the Oryx Defendants (requiring insurance ISO form CG 2010 07/04 and CG 2037 07/04 or their substantial equivalent) as well as waiver of subrogation provisions/endorsements.

5.14    By letter dated November 26, 2018, Scottsdale made demand on Coonrod that it defend and indemnify the Oryx Defendants, to no avail.

## 6.    POLICIES

6.1    Scottsdale issued to Oryx Delaware Holdings LLC commercial general liability policy number ENS0003511 with limits of $1 million per occurrence/ $2 million in the aggregate ("Oryx Delaware Primary Policy"), effective from September 1, 2018 – September 1, 2019, and Scottsdale is defending it in the Underlying Lawsuit.

6.2    Scottsdale issued commercial excess policy number XNS0003490 to Oryx Delaware Holdings LLC, and it provides $10 million in coverage as further defined therein. ("Oryx Delaware Excess Policy").

6.3    Oryx Delaware Oil Transport LLC is an additional named insured under the Oryx Delaware Primary Policy and the Oryx Delaware Excess Policy is one of the three Oryx Defendants in the Underlying Lawsuit.

6.4    Scottsdale also issued to Oryx Midstream Services LLC, a defendant in the Underlying Lawsuit, commercial general liability policy number ENS0003510 with limits of $1 million per occurrence/ $2 million in the aggregate ("Oryx Midstream Primary Policy"), effective from September 1, 2018 – September 1, 2019, and Scottsdale is defending it in the Underlying Lawsuit.

6.6     Scottsdale issued commercial excess policy number XNS0003489 to Oryx Midstream, and it provides $10 million in coverage as further defined therein. ("Oryx Midstream Excess Policy").

6.7     Oryx Midstream Management Services LLC is an additional named insured under the Oryx Midstream Primary Policy and the Oryx Midstream Excess Policy and also a defendant in the Underlying Lawsuit, and Scottsdale is also defending it.

6.8     All four policies were canceled, effective May 22, 2019, such cancellation having no effect on the claims made here.

6.9     Scottsdale asserts this action under principles of equitable and contractual subrogation, as well as by assignment from its insureds, together with common law contribution.

6.10    Upon information and belief, Scottsdale submits that insurance maintained by Coonrod would provide basic commercial general liability insurance and would insure Coonrod as follows:

> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.
>
> b.  This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period.

6.5     Upon information and belief, Scottsdale submits that any insurance held by Coonrod would cover the claims asserted here as one for recovery of "bodily injury" caused by an "occurrence."

6.7     Further, upon information and belief, Scottsdale submits that if Coonrod retained the insurance required under the MSA, the Oryx Defendants would qualify as additional insureds under Coonrod's policies.

### 7.     COUNT I – BREACH OF CONTRACT

7.1     Scottsdale re-alleges and incorporates by reference paragraphs 1 - 6.7 herein.

7.2     Scottsdale has been defending the Oryx Defendants against the claims asserted in the Underlying Lawsuit pursuant to the terms and conditions of the its Policies.

7.3     Scottsdale has also demanded that Coonrod and its insurer(s) defend and indemnify the Oryx Defendants against the claims presented in the Underlying Lawsuit pursuant to the terms and conditions of the MSA.

7.4     Coonrod and its insurer(s) failed and refused to actually pay any past defense costs or acknowledge responsibility for payment of future defense costs, despite demand.  This is a breach of Coonrod's duties under the MSA, and this breach by its refusal to defend is causing monetary damages to  Scottsdale who seeks damages against Coonrod in the amount of the payments it has made in the defense of the Oryx Defendants, and which continue until the conclusion of the Underlying Lawsuit, which are owed by Coonrod

7.5     Coonrod also owes indemnity to the Oryx Defendants, and Scottsdale also seek any amounts it must or will pay for indemnity on behalf of the Oryx Defendants.

### 8.  COUNT II – REQUEST FOR DECLARATORY RELIEF

8.1      Scottsdale re-alleges and incorporates by reference paragraphs 1 - 7.6 herein.

8.2     There is a real and immediate controversy between Scottsdale, as assignee and subrogee of the Oryx Defendants, and Coonrod with regard to the obligations of Coonrod under the MSA.

8.3   Scottsdale requests that the Court declare that Coonrod owes a duty under the MSA to defend the Oryx Defendants from the claims asserted by Valverde in the Underlying Lawsuit.

8.4   Scottsdale also requests that the Court declare that Coonrod owes indemnity under the MSA for any amounts that the Oryx Defendants may be found liable to Valverde in the Underlying Lawsuit.

## 9.   COUNT III - CONTRIBUTION

9.1   Scottsdale re-alleges and incorporates by reference paragraphs 1 - 8.4 herein.

9.2   Due to the Underlying Lawsuit, Scottsdale has been required to retain the legal services of defense counsel and has incurred attorneys' fees on behalf of the Oryx Defendants that were, and are, the obligation of Coonrod.

9.3   Pursuant to its legal rights, Scottsdale now seeks recovery from Coonrod for the amounts paid in the defense of the Oryx Defendants in the Underlying Lawsuit.

9.4   Scottsdale also seeks recovery from Coonrod for any amounts it must pay in indemnity on behalf of the Oryx Defendants in the Underlying Lawsuit.

## 10.   COUNT IV – ATTORNEYS' FEES

10.1   Scottsdale requests this Court award its costs and reasonable attorneys' fees pursuant to Sections 38.001 and 37.009 of the Texas Civil Practice and Remedies Code. Scottsdale further requests that it be awarded any other relief to which it shows itself justly entitled.

WHEREFORE, Plaintiff Scottsdale Insurance Company asks the Court declare that Defendant Coonrod Electric Company LLC be cited to appear and answer here, that it declare that Coonrod be found to owe defense and indemnity to Oryx Delaware Oil Transport LLC,

Oryx Midstream Services LLC and Oryx Midstream Management Services LLC in regard to the claims presented in the Underlying Lawsuit, to award damages in Scottsdale's favor and against Coonrod for those amounts paid by Scottsdale that were owed by Coonrod, and that Scottsdale be awarded its reasonable and necessary attorneys' fees, penalties, costs, and such other and further relief, whether based in law or in equity, to which it may be justly entitled and for which it prays.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Mary Cazes Greene*
Mary "Amy" Cazes Greene
TBN 24005647/Fed. No. 22671
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: greenea@phelps.com

**ATTORNEYS FOR PLAINTIFF**
**SCOTTSDALE INSURANCE COMPANY**